August C. BAKER, Appellant,

v.

COMMONWEALTH of Kentucky et al., Appellees.

Court of Appeals of Kentucky.

Nov. 12, 1954.

M. Joseph Schmitt and Allen Schmitt, Louisville, for appellant.

Gavin C. Cochran, Louisville, J. D. Buckman, Jr., Atty. Gen., Jo Ferguson, Asst. Atty. Gen., for apppelles.

CULLEN, Commissioner.

August Baker made application to the State Board of Examiners and Registration of Architects, for a license as an architect. The board informed him that he must take a four-day written examination. He declined to take the examination, and brought a mandamus proceeding to compel the board to issue him a license without examination. The court dismissed the action, and Baker has appealed.

The statutes governing the licensing of architects are contained in KRS Chapter 323. In KRS 323.070 it is provided that any

person who is a high school graduate, or in the opinion of the board has an equivalent education, must pass an examination in designated subjects before he may be licensed. In KRS 323.060 it is provided that a license shall be issued without examination to a person who is qualified either by (1) experience, (2) possession of a diploma from an approved college of architecture, or (3) possession of an architect's license from another state having similar laws and granting similar reciprocity.

Baker applied on the basis of experience, under KRS 323.060. This statute, in so far as it relates to his application, reads as follows:

"The board shall issue a license without examination to any applicant possessing the qualifications prescribed in any one of the following subsections:

"(1) Any person who has, for at least one year, been a resident of this state, who has had at least ten years' satisfactory experience in the office of a reputable architect, during three years of which he has had responsible charge of work, and who in the opinion of the board is qualified to design as well as direct architectural work."

Baker submitted with his application a quantity of supporting data, including architectural designs, plans and blueprints he had prepared, and affidavits and certificates from licensed architects with or for whom he had worked. On its face, the supporting data would seem ample to establish his qualifications under KRS 323.060(1). However, the board declined to make any evaluation of the data submitted, or any independent investigation of Baker's experience, and insisted that it could not pass upon his qualifications except by means of the regular written examination.

The board relies upon the last phrase of the statute, "and who in the opinion of the board is qualified to design as well as direct architectural work", and insists that under this phrase the board has the right to require an examination. It is the position of the board that its members cannot intelligently form an opinion concerning an applicant's qualifications except through a written examination. The board also points to the words "satisfactory" and "responsible," in the statute, and argues that these words contemplate an evaluation that cannot be made without examination.

The difficulty we have in accepting the board's position arises from the fact that the statute says clearly and positively that the license shall be issued "without examination". And it says that the board "shall" issue the license without examination. The cases relied upon by the board, from other jurisdictions, are not applicable because the statutes there involved merely gave the board discretion to waive an examination.

■ Although the statute is to some extent ambiguous and contradictory, we think it may fairly be interpreted to mean that the board shall form an opinion as to the applicant's qualifications on the basis of the data submitted with the application and such independent investigation as the board may consider necessary to establish the truth of the facts stated in the application concerning the extent, nature and quality of the work the applicant has performed. This investigation might take the form of interviews with persons with whom the applicant has worked, and examination of physical evidences of his work. On the basis of the application, supporting data, and independent investigation, the board will be able to determine fairly whether the applicant has the necessary experience and ability.

■ It is our opinion that the board acted without authority in demanding that Baker submit to a written examination. Judgment should be entered requiring the board to act on Baker's application on the basis of the facts contained in the application, the supporting data (including the evidence given in court in this action), and such reasonable independent investigation as the board considers necessary. It will be assumed, of course, that the board will not

act arbitrarily or capriciously in passing upon Baker's qualifications.

The judgment is reversed, with directions to enter judgment in conformity with this opinion.